Matter of G.Y.W. v Jewish Child Care Assn. (2026 NY Slip Op 00220)

Matter of G.Y.W. v Jewish Child Care Assn.

2026 NY Slip Op 00220

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Docket No. V-36177/16, V-36178/16, V-06052/18, V-06053/18|Appeal No. 5615|Case No. 2024-06584|

[*1]In the Matter of G.Y.W., Petitioner-Appellant,
vJewish Child care Association, et al., Respondents-Respondents, J.C.S., et al., Respondents. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for Jewish Child Care Association, respondents.
Karen Freedman, Lawyers for Children, Inc, New York (Shirim Nothenberg of counsel), for the children.

Order, Family Court, New York County (Adetokumbo O. Fasanya, J.), entered on or about September 25, 2024, which, to the extent appealed from as limited by the briefs, dismissed petitioner paternal grandmother's petitions for visitation and custody of the subject children, unanimously affirmed, without costs.
A sound and substantial basis in the record supports Family Court's dismissal of the petition for custody and visitation because the grandchildren have been in the same foster home for more than a decade, almost the entirety of their lives, and are well-bonded with their foster mother, who has met their educational, medical, and special needs (see Matter of Justice V. [Stephanie M.], 194 AD3d 531, 532 [1st Dept 2021], lv denied 37 NY3d 905 [2021]; Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406, 406 [1st Dept 2010]). Family Court's determinations, including its credibility determinations, are entitled to deference and are supported by the record (see Pedreira v Pedreira, 17 AD3d 213, 214 [1st Dept 2005], lv denied 5 NY3d 716 [2005]).
Further, the evidence established that the grandmother has had infrequent contact with the children, which has been limited to agency supervised visits. The grandmother has never cared for the children and, in her testimony, she displayed a lack of understanding of their special needs (see Matter of Sandra N. v Administration for Children's Servs., 103 AD3d 591, 592 [1st Dept 2013], lv denied 21 NY3d 857 [2013]). Based on a totality of the circumstances, the grandmother failed to demonstrate that it was in the children's best interests to award her custody (see Matter of Alexander H. v Sheltering Arms Children and Family Servs., 196 AD3d 415, 415-416 [1st Dept 2021]).
Similarly, the grandmother failed to evince a sufficiently established relationship with the children to meet the threshold standing requirement for visitation (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181-82 [1991]). Even if the grandmother had established standing, she did not meet her burden of showing that visitation would be in the children's best interests, and the children do not wish to resume visitation with the grandmother (see Matter of Buskey v Alexis, 226 AD3d 770, 772 [2d Dept 2024], lv denied 42 NY3d 903 [2024]).
We have considered the grandmother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026